WO                                                                                          SC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Joshua Daniel Smith,                          No.   CV 20-08125-PCT-MTL (JFM)

                        Petitioner,

v.                                                       **ORDER**

Unknown Party,

                        Respondent.

On May 28, 2020, Petitioner Joshua Daniel Smith, who is confined in a Mohave County Jail, filed a pro se document captioned as "Special Action Habeas Corpus" ("Petition") (Doc. 1).  The Clerk of Court opened a civil case to facilitate consideration of the Petition and designated it as a petition under 28 U.S.C. § 2254, although Plaintiff did not file the Petition on the court-approved form for use by prisoners and did not either pay the $5.00 civil action filing fee or an Application to Proceed In Forma Pauperis (Habeas).  In the Petition, Petitioner seeks to challenge pending criminal proceedings in Mohave County Superior Court.  For that reason, the Court construes the Petition as seeking relief under 28 U.S.C. § 2241.

The Court will dismiss the Petition with leave to file an amended petition using the court-approved form petition.  The Court will also grant Petitioner 30 days to either pay the $5.00 filing fee or file an Application to Proceed In Forma Pauperis (Habeas).  The Court will direct the Clerk of Court to send Plaintiff the court-approved forms for a § 2241

habeas corpus petition and an application to proceed in forma pauperis.

## I.     Failure to Comply with Local Rule 3.5(b)

Rule 3.5(b) of the Local Rules of Civil Procedure requires that "[i]f a habeas corpus petitioner desires to prosecute the petition in forma pauperis, the petitioner shall file an application to proceed in forma pauperis on a form approved by the Court, accompanied by a certification of the warden or other appropriate officer of the institution in which the petitioner is confined as to the amount of money or securities on deposit to the petitioner's credit." Rule 3.5(b) also requires payment of the $5.00 filing fee if a petitioner has in excess of $25.00 in his inmate account.

Because Petitioner has not paid the $5.00 filing fee or filed an Application to Proceed In Forma Pauperis, Petitioner will be given 30 days from the date this Order is filed to either pay the $5.00 filing fee or file a complete Application to Proceed In Forma Pauperis using the form included with this Order.

## II.     Pretrial Habeas Corpus Relief

Petitioner is attempting to seek pretrial relief as to his pending state criminal charges. Challenges to pretrial incarceration may be properly brought pursuant to 28 U.S.C. § 2241. *McNeeley v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003). Section 2241(c)(3) provides that "the writ of habeas corpus [extends to persons who are] in custody in violation of the Constitution or laws or treaties of the United States . . .." However, "federal habeas relief does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge *prior* to a judgment of conviction by a state court." *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973) (emphasis added); *Carden v. Montana*, 626 F.2d 82, 83-85 (9th Cir. 1980).

In addition, the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), prevents a federal court in most circumstances from directly interceding in ongoing state criminal proceedings. The *Younger* abstention doctrine also applies while a case works its way through the state appellate process, if a prisoner is convicted. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989). Only in

limited, extraordinary circumstances will the *Younger* doctrine not bar federal interference with ongoing (non-final) state criminal proceedings.  Such circumstances include when a prisoner alleges that he is being subjected to double jeopardy.  *See Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992).  Speedy trial claims may also be reviewed *if* a detainee is seeking to compel the state to bring him to trial, rather than seeking dismissal of the charges, and the detainee has exhausted all his state court remedies.  *Braden*, 410 U.S. at 489-90; *see In re Justices of Superior Court Dep't of Mass. Trial Court*, 218 F.3d 11, 18 & n.5 (1st Cir. 2000); *Carden*, 626 F.2d at 83-85 (explaining that for reasons of comity, a pretrial detainee must show special circumstances, in addition to the merits of a speedy trial claim, warranting federal intervention in state criminal proceedings and noting that "unlike the Double Jeopardy Clause, the Speedy Trial Clause, when raised as an affirmative defense, does not embody a right which is necessarily forfeited by delaying review until after trial."); *see Politano v. Miller*, No. Civil 08-238, 2008 WL 906300, at *4-5 (D. Minn. Mar. 31, 2008) (finding alleged speedy trial violation did not constitute special circumstance within *Braden* where petitioner sought dismissal of criminal charges, rather than immediate trial, and had not exhausted claim).

### III.    Petition not on Court-Approved Form

Pursuant to Rule 3.5(a) of the Local Rules of Civil Procedure, Petitioner is required to use a court-approved form when he files a pro se petition pursuant to 28 U.S.C. § 2241. The Court may, in its discretion, forgo the requirement that a petitioner use a court-approved form.  *See* LRCiv 3.5(a).  The Court will require use of the court-approved form because Petitioner's Petition does not substantially comply with the court-approved form. The Court will dismiss the Petition without prejudice and with leave to file an amended petition within 30 days.

### IV.    Leave to Amend

Within 30 days, Petitioner may submit an amended petition on the court-approved form.  The Clerk of Court will mail Petitioner a court-approved form to use for filing a § 2241 Petition.  If Petitioner fails to use the court-approved form, the Court may strike the

amended petition and dismiss this action without further notice to Petitioner.

Petitioner's amended petition should clearly set out each claim Petitioner is making. If Petitioner cannot fit all his supporting facts or arguments in favor of a particular ground on the court-approved form, then he may continue on an attachment, but each matter on any attachment must be clearly referenced to a particular ground on the court-approved form.

Petitioner is advised that the amended petition must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Petition by reference.  Any amended petition submitted by Petitioner should be clearly designated as such on the face of the document.

An amended petition supersedes the original Petition. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the original pleading is treated as nonexistent. *Ferdik*, 963 F.2d at 1262.  Any ground for relief that was raised in the original Petition and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in an amended petition. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**V.    Warnings**

**A.    Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Petitioner must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**B.    Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     The Court construes this action as seeking relief under 28 U.S.C. § 2241.

(2)     Within 30 days of the date this Order is filed, Petitioner must either pay the $5.00 filing fee **or** file a complete Application to Proceed In Forma Pauperis.

(3)     If Petitioner fails to either pay the $5.00 filing fee or file a complete Application to Proceed In Forma Pauperis within 30 days, the Clerk of Court must enter a judgment of dismissal of this action without prejudice and without further notice to Petitioner.

(4)     Petitioner's § 2241 Petition (Doc. 1) is **dismissed with leave to amend**. Petitioner has **30 days** from the date of filing of this Order to file an amended § 2241 petition in compliance with this Order.

(5)     If Petitioner fails to file an amended petition within 30 days, the Clerk of Court must enter a judgment of dismissal of this action, without prejudice and without further notice to Petitioner and deny any pending unrelated motions as moot.

(6)     The Clerk of Court must mail Petitioner the current court-approved form for filing a "Petition Under 28 U.S.C. § 2241 For A Writ Of Habeas Corpus By A Person In Federal Custody" **and** the current court-approved form for filing an Application to Proceed In Forma Pauperis (Habeas).

Dated this 2nd day of June, 2020.

Michael T. Liburdi
United States District Judge

**Instructions for Filing a Petition Under 28 U.S.C. § 2241**
**for Writ of Habeas Corpus by a Person in Federal Custody**
**in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  If you are detained in Arizona, you may use this form to challenge your detention by federal immigration authorities or to challenge the execution of your federal sentence by the United States Bureau of Prisons.  You are asking for release or earlier release on the grounds that your detention or future detention violates the United States Constitution or other federal law. You should not use this form to challenge a state or federal judgment of conviction or sentence.  If you are challenging a conviction or sentence entered against you by a state court, you should file a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody.  If you are challenging a judgment of conviction or sentence entered by a federal court, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.  Any claim that may be brought or has already been brought in a motion under 28 U.S.C. § 2255 may not be brought using this form unless it appears that the § 2255 motion is inadequate or ineffective to test the legality of your detention.  **This form should not be used in death penalty cases.**  If you were sentenced to death, you are entitled to the assistance of counsel and you should request the appointment of counsel.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.5(a) provides that habeas corpus petitions must be filed on the court-approved form.**  The form must be typed or neatly handwritten.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages.  The form, however, must be completely filled in to the extent applicable.  You do not need to cite law.  If you want to file a brief or arguments, you must attach a separate memorandum.

3. <u>Your Signature</u>. You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $5.00.  If you are unable to pay the filing fee, you may request permission to proceed in forma pauperis by completing and signing the Application to Proceed In Forma Pauperis provided with the petition form.  You must have an official at the prison or jail complete the certificate at the bottom of the application form.  If the amount of money in your account exceeds $25.00, you must pay the $5.00 filing fee.  LRCiv 3.5(b).

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your petition and of any other document submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should **file your petition in the division where you are detained**.  *See* LRCiv 5.1(a).  If you are detained in Maricopa, Pinal, Yuma, La Paz, or Gila County, you should file your petition in the Phoenix Division.  If you are detained in Apache, Navajo, Coconino, Mohave, or Yavapai County, you should file your petition in the Prescott Division.  If you are detained in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, you should file your

petition in the Tucson Division.  *See* LRCiv 5.1(b) and 77.1(a).  **Mail the original and one copy of your petition with the $5.00 filing fee or the application to proceed in forma pauperis to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  Change of Address.  You must immediately notify the Court and respondents in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  Certificate of Service.  You must provide the respondents with a copy of any document you submit to the Court (except the initial petition and application to proceed in forma pauperis).  Each original document (except the initial petition and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the respondents and the address to which it was mailed.  Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>          Attorney for Respondent(s)
> _____
> (Signature)

9. Amended Petition.  If you need to change any of the information in the initial petition, you must file an amended petition.  The amended petition must be written on the court-approved petition for writ of habeas corpus form.  You may amend your pleading once without leave (permission) of Court within 21 days after serving it or within 21 days after any respondent has filed an answer, whichever is earlier.  *See* Fed. R. Civ. P. 15(a).  Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended petition.  LRCiv 15.1.  An amended petition may not incorporate by reference any part of your prior petition.  LRCiv 15.1(a)(2).  **Any grounds not included in the amended petition are considered dismissed**.

10. Exhibits.  If available, you should attach a copy of all federal court and administrative written decisions regarding the detention corpus you are challenging.  You should **not** submit any other exhibits with the petition.  Instead, the relevant information should be paraphrased in the petition.

11. Letters and Motions.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12. <u>Exhaustion</u>.   In order to proceed with this petition in federal court, you ordinarily must exhaust any administrative remedies available to you.  If you did not fairly present each of your grounds to the appropriate administrative agencies, your petition may be dismissed.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your petition being stricken or dismissed by the Court.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the petition is being continued and number all pages.

_____
Name and Prisoner Number/Alien Registration Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,

(Full Name of Petitioner)

                     Petitioner,

v.

_____ ,

(Name of Warden, Jailor or authorized person
having custody of Petitioner)

                     Respondent.

**CASE NO.** _____
              (To be supplied by the Clerk)

**PETITION UNDER 28 U.S.C. § 2241
FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN FEDERAL CUSTODY**

## PETITION

1.   What are you challenging in this petition?
   - ☐  Immigration detention
   - ☐  Bureau of Prisons sentence calculation or loss of good-time credits
   - ☐  Probation, parole or supervised release
   - ☐  Other (explain): _____
   - _____

2.   (a)  Name and location of the agency or court that made the decision you are challenging: _____
   _____

   (b)  Case or opinion number: _____

   (c)  Decision made by the agency or court: _____
   _____
   _____

   (d)  Date of the decision: _____

**530**

3.  Did you appeal the decision to a higher agency or court?      Yes ☐      No ☐

    If yes, answer the following:

    (a)  First appeal:

        (1)  Name of the agency or court: _____

        (2)  Date you filed: _____

        (3)  Opinion or case number: _____

        (4)  Result: _____

        (5)  Date of result: _____

        (6)  Issues raised: _____
        _____
        _____
        _____

        **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

    (b)  Second appeal:

        (1)  Name of the agency or court: _____

        (2)  Date you filed: _____

        (3)  Opinion or case number: _____

        (4)  Result: _____

        (5)  Date of result: _____

        (6)  Issues raised: _____
        _____
        _____
        _____

        **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

    (c)  Third appeal:

        (1)  Name of the agency or court: _____

        (2)  Date you filed: _____

        (3)  Opinion or case number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

4.    If you did not appeal the decision to a higher agency or court, explain why you did not: _____

_____

_____

_____

_____

5.    Other than the appeals listed above, have you filed any other petitions, applications or motions concerning the issues raised in this petition?          Yes ☐          No ☐

If yes, answer the following:

(a)  Name of the agency or court: _____

(b)  Date you filed: _____

(c)  Opinion or case number: _____

(d)  Result: _____

(e)  Date of result: _____

(f)  Issues raised: _____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

6.    For this petition, **state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States**.  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

**CAUTION:**  <u>To proceed in the federal court, you must ordinarily first exhaust (use up) your available administrative remedies on each ground on which you request action by the federal court.</u>

**GROUND ONE**: _____

_____

_____

_____

_____

_____

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b)  Did you exhaust all available administrative remedies relating to Ground One?     Yes ☐     No ☐

(c)  If yes, did you present the issue to:
  ☐ The Board of Immigration Appeals
  ☐ The Office of General Counsel
  ☐ The Parole Commission
  ☐ Other: _____

(d)  If you did not exhaust all available administrative remedies relating to Ground One, explain why:

_____

_____

_____

_____

_____

_____

_____

4

**GROUND TWO**: _____

_____

_____

_____

_____

 

    (a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

        _____

        _____

        _____

        _____

        _____

        _____

        _____

        _____

        _____

        _____

        _____

        _____

        _____

        _____

        _____

        _____

        _____

 

    (b)  Did you exhaust all available administrative remedies relating to Ground Two?   Yes ☐    No ☐

    (c)  If yes, did you present the issue to:
          ☐ The Board of Immigration Appeals
          ☐ The Office of General Counsel
          ☐ The Parole Commission
          ☐ Other: _____

    (d)  If you did not exhaust all available administrative remedies relating to Ground Two, explain why:

        _____

        _____

        _____

        _____

        _____

        _____

        _____

**GROUND THREE**: _____

_____

_____

_____

_____

_____

    (a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

    (b)  Did you exhaust all available administrative remedies relating to Ground Three?  Yes ☐      No ☐

    (c)  If yes, did you present the issue to:
          ☐ The Board of Immigration Appeals
          ☐ The Office of General Counsel
          ☐ The Parole Commission
          ☐ Other: _____

    (d)  If you did not exhaust all available administrative remedies relating to Ground Three, explain why:

_____

_____

_____

_____

_____

_____

_____

6

**GROUND FOUR**: _____

_____

_____

_____

_____

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b)  Did you exhaust all available administrative remedies relating to Ground Four?   Yes ☐     No ☐

(c)  If yes, did you present the issue to:
       ☐ The Board of Immigration Appeals
       ☐ The Office of General Counsel
       ☐ The Parole Commission
       ☐ Other: _____

(d)  If you did not exhaust all available administrative remedies relating to Ground Four, explain why:

_____

_____

_____

_____

_____

_____

7

**Please answer these additional questions about this petition:**

7.    Are you challenging your conviction or sentence in any of the grounds raised above?  Yes ☐          No ☐
(Claims challenging a federal conviction or sentence may only be raised in a motion under 28 U.S.C. § 2255,
unless the § 2255 motion is legally inadequate or ineffective.)

    If yes, answer the following:

    (a)   Have you filed a motion under 28 U.S.C. § 2255?        Yes ☐          No ☐

          If yes, answer the following:

          (1)  Name of court: _____

          (2)  Case number: _____

          (3)  Opinion or case number: _____

          (4)  Result: _____

          (5)  Date of result: _____

          (6)  Issues raised: _____
                _____
                _____
                _____

          **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

    (b)   Explain why the remedy under § 2255 is inadequate or ineffective: _____
_____
_____
_____
_____

8.    If this case concerns immigration removal proceedings, answer the following:

    (a)   Date you were taken into immigration custody: _____

    (b)   Date of removal or reinstatement order: _____

    (c)   Did you file an appeal with the Board of Immigration Appeals?   Yes ☐          No  ☐

          (1)  Date you filed: _____

          (2)  Case number: _____

          (3)  Result: _____

(4)  Date of result: _____

(5)  Issues raised: _____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(d)  Did you file an appeal with the federal court of appeals?      Yes ☐          No  ☐

(1)  Name of the court: _____

(2)  Date you filed: _____

(3)  Case number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

9.    Petitioner asks that the Court grant the following relief: _____

_____

_____

_____

or any other relief to which Petitioner may be entitled.  (Money damages are not available in habeas corpus cases.)


I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____(month, day, year).

_____

**Signature of Petitioner**


_____            _____

Signature of attorney, if any                                              Date

9

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,

Petitioner,

v.

_____ ,

Respondent(s).

CASE NO. _____

**APPLICATION TO PROCEED
IN FORMA PAUPERIS
BY A PRISONER
(HABEAS)**

I, _____, declare, in support of my request to proceed in the above entitled case without prepayment of fees under 28 U.S.C. § 1915, that I am unable to pay the fees for these proceedings or to give security therefor and that I believe I am entitled to relief.

In support of this application, I answer the following questions under penalty of perjury:

1.  Are you currently employed at the institution where you are confined?        ☐Yes        ☐No
    If "Yes," state the amount of your pay and where you work. _____

    _____

2.  Do you receive any other payments from the institution where you are confined?        ☐Yes        ☐No
    If "Yes," state the source and amount of the payments. _____

    _____

Revised 3/15/16                                        1

3.  Do you have any other sources of income, savings, or assets either inside or outside of the institution where you are confined?                                               ☐Yes        ☐No
    If "Yes," state the sources and amounts of the income, savings, or assets. _____
    _____
    _____



I declare under penalty of perjury that the above information is true and correct.


_____              _____
          DATE                                              SIGNATURE OF APPLICANT



CERTIFICATE OF CORRECTIONAL OFFICIAL
AS TO STATUS OF APPLICANT'S TRUST ACCOUNT

I, _____, certify that as of the date applicant signed this application:
        (Printed name of official)

The applicant's trust account balance at this institution is:   $_____.


_____
DATE               AUTHORIZED SIGNATURE              TITLE/ID NUMBER              INSTITUTION

2