WO                                                                                          SC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| Joshua Daniel Smith, | No.   CV 20-08125-PCT-MTL (JFM) |
|---|---|
| Petitioner, | |
| v. | **ORDER TO SHOW CAUSE** |
| Unknown Party, et al., | |
| Respondents. | |

On May 28, 2020, Petitioner Joshua Daniel Smith, who was then-confined in a Mohave County Jail, filed a pro se document captioned as "Special Action Habeas Corpus" ("Petition") (Doc. 1). The Clerk of Court opened a civil case to facilitate consideration of the Petition and designated it as a petition under 28 U.S.C. § 2254, although Petitioner did not file the Petition on the court-approved form for use by prisoners and did not either pay the $5.00 civil action filing fee or file an Application to Proceed In Forma Pauperis (Habeas). In the Petition, Petitioner sought to challenge then-pending criminal proceedings in Mohave County Superior Court. For that reason, the Court construed the Petition as seeking relief under 28 U.S.C. § 2241. On June 2, 2020, the Court dismissed the Petition with leave to file an amended petition and ordered Petitioner to either pay $5.00 filing fee or file an Application to Proceed In Forma Pauperis (Habeas) (Doc. 3). The Clerk of Court mailed the appropriate court-approved forms to Petitioner.

Petitioner filed an Amended Petition using the court-approved form (Doc. 4).

1    However, rather than filing an Application to Proceed In Forma Pauperis (Habeas),

2    Petitioner filed an Application to Proceed In Forma Pauperis (Non-Habeas) (Doc. 5). The

3    Court denied the Application to Proceed for using the wrong form and granted Petitioner

4    30 days to file an Application to Proceed In Forma Pauperis (Habeas) (Doc. 7).

5         Meanwhile, in his civil rights case, *Smith v. Schuster*, CV 20-08141-PCT-MTL

6    (JFM), Petitioner filed an Application to Proceed In Forma Pauperis (Habeas), Doc. 4, in

7    which Petitioner indicated that his in forma pauperis applications had been filed in the

8    wrong cases.[1]  In CV 20-08141, the Court ordered that the habeas Application to Proceed

9    In Forma Pauperis, Doc. 4, be redocketed in this case.  In this case, the Court ordered that

10   the non-habeas Application to Proceed In Forma Pauperis, Doc. 5, be redocketed in CV

11   20-08141 (Doc. 8).

12        On July 22, 2020, Petitioner filed a motion to correct the misfiling of his in forma

13   pauperis applications (Doc. 11).  As described above, the Court already ordered the

14   redocketing of the applications in the appropriate case.  Accordingly, this motion will be

15   denied.

16        On August 10, 2020, Petitioner filed a notice of change of address reflecting that he

17   has been released from custody and now resides in Florida.  (Doc. 12).  The Court will

18   dismiss the Amended Petition and this action.

19   **I.     Background**

20        Petitioner was convicted of receiving child pornography, pursuant to a plea

21   agreement, in the United States District Court for the District of Nevada. *United States v.*

22   *Smith*, 2:14cr00052 (D. Nev. Oct. 19, 2015), Docs. 50, 51.  On May 31, 2016, Petitioner

23   was sentenced to 70 months in prison followed by lifetime supervised release.  *Id.*, Doc.

24   73.  Petitioner was released from his federal prison sentence on May 14, 2019.[2]

25

26        [1]  In that case, the Court ordered Petitioner to either pay the filing and administrative
     fees or file a non-habeas Application to Proceed, Doc. 3.  Petitioner then filed a habeas
27   Application to Proceed with an explanation that the wrong applications had been submitted
     in Petitioner's two cases, Doc. 4.

28        [2]  *See* https://www.bop.gov/inmateloc/search "Joshua Daniel Smith" (last accessed
     Oct. 1, 2020).

**II.    Amended Petition**

Petitioner's Amended Petition reflects the following facts:

Following Petitioner's arrest on federal charges in 2014, Detective Mosby of the Kingman Police Department traveled to Nevada concerning a police report. Petitioner denied any guilt in the subject matter of the police report. On July 2, 2015, Petitioner was indicted in Mohave County Superior Court, case# CR 2015-761, and a fugitive warrant was filed. Plaintiff did not learn of the Mohave County criminal case until May 6, 2019, eight days prior to Petitioner's scheduled release from federal prison. On May 6, 2019, Petitioner received a "Detainer Action Letter" from the Internal Systems Administration at the Federal Correctional Institution in San Pedro, California (FCI-Terminal Island), informing him that Mohave County officials had lodged a detainer against Petitioner in the Mohave County case. Petitioner was subsequently transferred to the custody of the Long Beach Police Department for being in California with an active warrant. Petitioner was taken to the Los Angeles County Sheriff's Men's Central Jail to await extradition to Arizona. On May 22, 2019, Mohave County Sheriff's Officers transported Petitioner to the Mohave County Jail; on May 23, 2020, Petitioner was arraigned.

Petitioner claims that Mohave County officials knew he was in federal custody throughout the time that he served his federal sentence, but they failed to notify Petitioner of the pending Mohave County case or serve him with a summons until May 6, 2019. Petitioner claims that extremely time-sensitive evidence that could have exonerated him was by then no longer available due to Mohave County's failure to previously inform Petitioner of the pending case.

In his Amended Petition, Petitioner names the Mohave County Sheriff's Department as the Respondent. Petitioner alleges two grounds for relief.

In Ground One, Petitioner alleges that his right to a speedy trial was violated. In Ground Two, Petitioner alleges violation of his Fifth and Eighth Amendment rights by the failure of Mohave County officials to issue a detainer notifying Petitioner of the pending Mohave County charges.

### III.   "In Custody" Requirement

As noted above, Petitioner commenced this case while he was detained by the Mohave County Sheriff, apparently pending criminal charges.  For that reason, the Court concluded that Petitioner's claims fell under 28 U.S.C. § 2241.  *See Braden v. Judicial Circuit Court*, 410 U.S. 484, 503 (1973).  Section 2241(c)(3) provides that "the writ of habeas corpus [extends to persons who are] in custody in violation of the Constitution or laws or treaties of the United States . . . ," including persons in pretrial custody.  *Id.*; *Jacobs v. McCaughtry*, 251 F.3d 596, 597 (7th Cir. 2001) (explaining that a state court defendant attacking his pretrial detention should bring a habeas corpus petition under 28 U.S.C. § 2241); *Stringer v. Williams,*161 F.3d 259, 262 (5th Cir. 1998) (same).  However, it now appears that Petitioner is no longer in custody or facing future custody or prosecution by Mohave County.  That is, Petitioner does not appear to be "in custody" for purposes of § 2241(c)(3).

Further, the "case-or-controversy" requirement of article III, § 2, of the United States Constitution requires a habeas corpus petitioner to have a "personal stake in the outcome of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Cont'l Bank Corp*., 494 U.S. 472, 477-78 (1990)).  Even where a petitioner satisfies the "in custody" requirement at the time the petition is filed, it may become moot if he is released from custody prior to any ruling.  *Id.*  Following release, "some concrete and continuing injury other than the now-ended [detention] — some 'collateral consequence' of the [detention] — must exist if the suit is to be maintained." *Spencer*, 523 U.S. at 7 (holding that potential impact of conviction on future sentencing proceeding was not a sufficient injury to demonstrate article III standing).

It appears that Petitioner is no longer in custody or facing charges in Mohave County for purposes of § 2241, rendering this matter moot.  In an abundance of caution, the Court will grant Petitioner 30 days to show cause why this case should not be dismissed as moot.

**IT IS ORDERED**:

(1)   Petitioner's Application to Proceed In Forma Pauperis (Doc. 9) is **granted**.

(2)     Petitioner's motion to correct application for leave to proceed in forma pauperis (Doc. 11) is **denied**.

(3)     No later than **30 days** from the filing date of this Order, Petitioner must file a "Notice" in which he shows cause why this matter should not be dismissed as moot.

(4)     If Petitioner fails to file a "Notice" as required in (3) above within 30 days, the Clerk of Court must enter a judgment of dismissal of this case without prejudice and without further notice to Petitioner.

Dated this 5th day of October, 2020.

*Michael T. Liburdi*

Michael T. Liburdi
United States District Judge