WO                                                                                                          SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joshua Daniel Smith, | No. CV 20-08125-PCT-MTL (JFM) |
| Petitioner, | |
| v. | **ORDER** |
| Unknown Party, et al., | |
| Respondents. | |

On May 28, 2020, Petitioner Joshua Daniel Smith, who was then-confined in a Mohave County Jail, filed a pro se document captioned as "Special Action Habeas Corpus" ("Petition") (Doc. 1).  Although Petitioner did not file the Petition on the court-approved form for use by prisoners and did not either pay the $5.00 filing fee or file an Application to Proceed In Forma Pauperis (Habeas), the Clerk of Court opened a civil case to facilitate consideration of the Petition and designated it as a petition under 28 U.S.C. § 2254.  In the Petition, Petitioner sought to challenge his then-pending criminal proceedings in Mohave County Superior Court.  For that reason, the Court construed the Petition as seeking relief under 28 U.S.C. § 2241.  On June 2, 2020, the Court dismissed the Petition with leave to file an amended petition and ordered Petitioner to either pay $5.00 filing fee or file an Application to Proceed In Forma Pauperis (Habeas) (Doc. 3).  The Clerk of Court mailed the appropriate court-approved forms to Petitioner.

Petitioner filed an Amended Petition using the court-approved form (Doc. 4).

However, rather than filing an Application to Proceed In Forma Pauperis (Habeas), Petitioner filed an Application to Proceed In Forma Pauperis (Non-Habeas) (Doc. 5). The Court denied the Application to Proceed for using the wrong form and granted Petitioner 30 days to file an Application to Proceed In Forma Pauperis (Habeas) (Doc. 7).

Meanwhile, in his civil rights case, *Smith v. Schuster*, CV 20-08141-PCT-MTL (JFM), Petitioner filed an Application to Proceed In Forma Pauperis (Habeas), Doc. 4, and indicated that his in forma pauperis applications had been filed in the wrong cases.[1] In CV 20-08141, the Court ordered that the habeas Application to Proceed In Forma Pauperis, Doc. 4, be re-docketed in this case. In this case, the Court ordered that the non-habeas Application to Proceed In Forma Pauperis, Doc. 5, be re-docketed in CV 20-08141 (Doc. 8).

On August 10, 2020, Petitioner filed a notice of change of address reflecting that he had been released from custody and was residing in Florida. (Doc. 12). The Court ordered Petitioner to show cause why the Amended Petition and this case should not be dismissed because Petitioner was not in custody (Doc. 13). Petitioner has filed a response (Doc. 14) to the show cause order and a notice of change of address (Doc. 15) reflecting that he is residing in Mohave County.

**I.    Background**

In 2015, Petitioner was convicted of receiving child pornography, pursuant to a plea agreement, in the United States District Court for the District of Nevada. *United States v. Smith*, 2:14cr00052 (D. Nev. Oct. 19, 2015), Docs. 50, 51. On May 31, 2016, Petitioner was sentenced to 70 months in prison followed by lifetime supervised release. *Id.*, Doc. 73. On May 6, 2019, shortly before Petitioner's release from federal prison, Petitioner was informed via a "Detainer Action Letter" that a detainer had been lodged against him by the Mohave County Sheriff's Office (MCSO) concerning Mohave County Superior Court

---

[1] In that case, the Court ordered Petitioner to either pay the filing and administrative fees or file a non-habeas Application to Proceed, Doc.3. Petitioner then filed a habeas Application to Proceed with an explanation that the wrong applications had been submitted in Petitioner's two cases, Doc. 4.

1   case# CR 2015-761.[2]  On May 14, 2019, upon Petitioner's release from a federal prison in
2   California, Long Beach Police arrested him on a Mohave County felony fugitive warrant.[3]
3   Petitioner was extradited to Arizona and booked into a Mohave County Jail on May 22,
4   2019. The next day, May 23, 2019, Petitioner was arraigned in the Mohave County case.
5   Petitioner remained detained until August 2020, when the State dismissed CR 2015-761,
6   without prejudice, after the prosecutor failed to timely seek admission of Rule 404(c)[4]
7   evidence, specifically, evidence of Petitioner's federal offense and conviction and the trial
8   court denied a motion to extend the deadline.  (Doc. 14 at 4-5).

Petitioner was released from the Mohave County jail.  Forty-five days later, Mohave County prosecutors filed a new case against Petitioner, CR 2020-924, charging him with the same offense as the one charged in the dismissed 2015 case, child molestation. Petitioner was served with a summons and arraigned in the case on September 24, 2020. *See id.*, Doc. 14 at 1.  Although Petitioner is not in pretrial custody, he alleges that he must remain in Mohave County pending resolution of the 2020 case under his federal conditions of supervised release.  Petitioner alleges that having to remain in Mohave County has financially and emotionally burdened him and family members in Florida, where he had relocated after the dismissal of the 2015 case.

## II.  Amended Petition

In his Amended Petition, Petitioner names the Mohave County Sheriff's Department as the only Respondent.  Petitioner alleges two grounds for relief.  In Ground One, Petitioner alleges that his right to a speedy trial is being violated.  In Ground Two, Petitioner alleges violation of his Fifth and Eighth Amendment rights based on the failure of Mohave County officials to promptly lodge a detainer against him once he began serving

---

[2] Although Petitioner had been questioned by a Kingman detective in 2015, while Petitioner was a pretrial detainee in Nevada, Petitioner alleges that he did not know that he had been charged in Mohave County until the detainer was lodged.

[3] *See* https://www.bop.gov/inmateloc/, search First Name Joshua, Middle Name Daniel, and Last Name Smith (last accessed Feb. 5, 2021).

[4] Arizona Rules of Evidence.

1 his federal prison sentence, which prevented him from seeking speedy resolution of the
2 Mohave County charge prior to release from federal prison.

### III.     Relief Under 28 U.S.C. § 2241

Generally, "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," whereas a civil rights action is the proper channel for "requests for relief turning on circumstances of confinement." *Muhammad v. Close*, 540 U.S. 749, 750 (2004); *see Hill v. McDonough*, 547 U.S. 573, 579 (2006); *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). Challenges to pretrial *incarceration* may be properly brought pursuant to 28 U.S.C. § 2241. *McNeeley v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003). Section 2241(c)(3) provides that "the writ of habeas corpus [extends to persons who are] . . . *in custody* in violation of the Constitution or laws or treaties of the United States . . . ." (Emphasis added). However, "federal habeas relief does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge *prior* to a judgment of conviction by a state court." *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973) (emphasis added); *Carden v. Montana*, 626 F.2d 82, 83-85 (9th Cir. 1980) (explaining that for reasons of comity, a pretrial detainee must show special circumstances, in addition to the merits of a speedy trial claim, warranting federal intervention in state criminal proceedings and noting that "unlike the Double Jeopardy Clause, the Speedy Trial Clause, when raised as an affirmative defense, does not embody a right which is necessarily forfeited by delaying review until after trial."); *see Politano v. Miller*, No. 08cv238, 2008 WL 906300, at \*4-5 (D. Minn. Mar. 31, 2008) (finding alleged speedy trial violation did not constitute special circumstance within *Braden* where petitioner sought dismissal of criminal charges, rather than immediate trial, and had not exhausted claim).

In addition, the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), prevents a federal court in most circumstances from directly interceding in ongoing state criminal proceedings. The *Younger* abstention doctrine also applies while a case works its way through the state appellate process, if a prisoner is convicted. *New Orleans*

*Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989). Only in limited, extraordinary circumstances will the *Younger* doctrine not bar federal interference with ongoing (non-final) state criminal proceedings. Such circumstances include when a prisoner alleges that he is being subjected to double jeopardy. *See Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992). Speedy trial claims may also be reviewed *if* a detainee is seeking to compel the state to bring him to trial, rather than seeking dismissal of the charges, and the detainee has exhausted all his state court remedies. *Braden*, 410 U.S. at 489-90; *see In re Justices of Superior Court Dep't of Mass. Trial Court*, 218 F.3d 11, 18 & n.5 (1st Cir. 2000).

To the extent that Petitioner seeks habeas corpus relief as to the 2015 Mohave County case, his Amended Petition will be dismissed because that case is no longer pending against him; it has been dismissed. To the extent that Petitioner seeks habeas corpus relief as to the 2020 case, Petitioner is not in custody. Further, while Petitioner asserts a speedy trial claim, he is not seeking to compel the state to bring him to trial but seeking the dismissal of his pending case. For the reasons discussed, the Court will dismiss the Amended Petition and this case.

**IT IS ORDERED**:

(1)   The Amended Petition (Doc. 4) and this action are **dismissed**.

(2)   The Clerk of Court must enter judgment accordingly.

Dated this 25th day of February, 2021.

Michael T. Liburdi
United States District Judge

- 5 -